UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LANISE MOODY,

    Defendant.
_____/

Case No. 1:24-cr-16

HON. JANET T. NEFF

## ORDER REGARDING REPORT AND RECOMMENATION

Defendant Lanise Moody has agreed to plead guilty to the Felony Information, which charges her with the use of a communication facility in causing or facilitating the commission of felonies under the Controlled Substances Act. Following a change of plea hearing on March 11, 2024, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation, accepting Defendant's plea of guilty, subject to final acceptance of the plea by the District Judge; reserving acceptance of the plea agreement for the District Judge; and recommending that the District Judge reject paragraph 14 of the Plea Agreement, which contains the so-called 'Hyde Waiver,' as against public policy and void as a matter of law (ECF No. 9). The Report and Recommendation was duly served on the parties. The government filed an Objection to the Report and Recommendation (ECF No. 16). Defendant did not file a response.

The government objects to the Magistrate Judge's apparent recommendation to reject paragraph 14 of the Plea Agreement. Paragraph 14 provides:

> **Hyde Waiver.** Defendant acknowledges, by her voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

(ECF No. 3 at PageID.12).

The Hyde Amendment was enacted on November 26, 1997 as part of Public Law 105-119 and is found as a statutory note to 18 U.S.C. § 3006A. The Hyde Amendment permits a prevailing federal criminal defendant to recover reasonable attorney's fee and litigation expenses if the position of the United States was "vexatious, frivolous, or in bad faith, unless, the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes). The government says that to prevent the filing of frivolous litigation, it often seeks a waiver of Hyde Amendment claims when, as here, a defendant is represented by retained counsel (ECF No. 16 at PageID.43-44). The government also points out that a court has the power to only accept or reject a plea agreement, not to strike a portion of the agreement (*id.*, citing FED. R. CRIM. P. 11(c) and *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015).

The government's position is legally sound.  However, the Magistrate Judge's ultimate recommendation is "that the defendant's plea of guilty to the Felony Information be accepted, that the Court adjudicate the defendant guilty of that charge, and that the written plea agreement be accepted at, or before, the time of sentencing" (ECF No. 9 at PageID.31).  The Court adopts this recommendation and will dismiss the government's Objection as moot.

Accordingly

**IT IS HEREBY ORDERED** that the Court ADOPTS the Magistrate Judge's recommendation as follows:

1. Defendant's plea of guilty is accepted, and Defendant is adjudicated guilty of the charge set forth in the Felony Information.

2. The written plea agreement is hereby continued under advisement pending sentencing.

**IT IS FURTHER ORDERED** that the government's Objection (ECF No. 16) is DISMISSED AS MOOT.


Dated:  April 9, 2024                                                          /s/ Janet T. Neff
                                                                               JANET T. NEFF
                                                                               United States District Judge